Félix González Perez, Plaintiff and Appellant, v. Jose Velez Santiago, Defendant and Appellee.

No. 9685. Argued June 2, 1948.—Decided June 9, 1948.

836

*Jorge Díaz Cruz* for appellant.  *William Morales Torres* for appellee.

Mr. Justice Marrero delivered the opinion of the Court.

Félix González Pérez brought, in the District Court of Ponce, a suit for injunction to recover possession of a lot having a frontage of 16 feet and a depth of 45 feet, of which, as he alleged, the defendant took possession without being authorized therefor, within the year immediately preceding the filing of the complaint.  Upon the issue being joined when the defendant filed his answer and denied the essential averments of the complaint, the case went to trial.  After hearing ample oral evidence and considering the documentary evidence introduced, the lower court rendered judgment for the defendant and adjudged the plaintiff to pay costs and $100 as attorney's fees.

Feeling aggrieved by that judgment, the plaintiff took an appeal to this Court, and in support of his appeal he urges that the lower court committed grave error (1) in weighing the evidence, (2) in construing the provisions of the special Act of 1913, and (3) in adjudging him to pay attorney's fees.

In a like manner as the parties have done it, we will discuss jointly the first two errors assigned.  For this purpose, we must give, although briefly, an account of the evidence introduced by the parties.  The evidence for the plaintiff tended to show that for 8 or 10 years he has been the owner of a property of 116.09 acres (*cuerdas*), situated in the ward of Susúa Baja, Municipality of Yauco, and formed by the consolidation of two smaller tracts; that on the south of the property thus formed there is a road known as "Las Palomas," and south of said road there are located several small houses belonging to various persons, who use

the lots on which the houses stand without paying any rent or consideration whatsoever; that one of those persons was Damiana Ortiz, who had a small frame house in the lot in controversy herein; that some six months before the filing of the complaint, Damiana Ortiz transferred her small house to a parcel granted to her by the Land Authority, whereupon the plaintiff sent an employee to fence, and the latter did fence, the lot which thus remained vacant; that the plaintiff had another frame house next to that of Damiana Ortiz and on or about April 19 to 21, 1947, that is, some ten days after the filing of the complaint, he destroyed the fence which divided both lots and constructed a large wooden house with some annexed structures on the lot originally occupied by Mrs. Ortiz, which is the one involved in the present suit for injunction.

The evidence for the defendant tended to show that although it was true that originally Damiana Ortiz had a house in the lot in controversy, at the time the complaint was filed about 2½ years had already elapsed since he had acquired said Ortiz' house, which he had enlarged and occupied ever since.

In addition to the oral and documentary evidence introduced, the parties asked the lower court to make an inspection of the premises, which the court effected. As a result of the evidence introduced and of said inspection, the district court reached the conclusion that the plaintiff, as a matter of fact, had not been in possession of the lot in dispute within the year immediately preceding the filing of the complaint and, as we have already stated, rendered judgment for the defendant.

For many years it has been the practice of this Court not to disturb the findings of fact made by the lower courts, unless it is convinced that, upon weighing the evidence, the latter courts have committed manifest error or acted under the influence of passion, prejudice, or partiality. See *Rivera* v. *López,* 66 P.R.R. 201 and *Machuca* v. *Puerto Rico Water*

*Resources,* 66 P.R.R. 174 and Rule 52(*a*) of the Rules of Civil Procedure for the courts of Puerto Rico, which by express provision of Rule No. 81(*a*) are applicable to proceedings of this nature. The examination which we have made of the transcript of the evidence herein convinces us that the lower court was justified in making its findings. The first two errors are therefore nonexistent.

In discussing his third assignment the appellant contends that it might be argued by the appellee that § 694 of the Code of Civil Procedure, 1933 ed.,[1] makes the imposition of costs mandatory, and that said costs, at the time the Act establishing proceedings to recover possession of real property was approved, sometimes covered attorney's fees; but that in his judgment, the term costs, as used in the said Act, had a strict and limited meaning and excludes such attorney's fees.

Indeed, when the lawmaker provided in § 5 of the Act that ''costs shall be taxed against the party against whom judgment is rendered'' the term costs was employed with the meaning it had at the time of the approval of the Act. Cf. *Jiménez* v. *District Court,* 65 P.R.R. 35, 37. At that time § 327 of the Code of Civil Procedure provided that ''. . . In all cases where costs have been allowed to one party in an action or proceeding, *if the subject matter exceeds five hundred dollars,* said party shall be entitled to receive from the defeated party the amount of fees due the former's attorney for his services. . .'' (Italics ours.) It may be clearly seen that at that time the term costs did not include attorney's fees as a matter of right, unless the subject matter of the litigation exceeded $500. It was so construed by this Court in the cases of *Veve* v. *Municipality of Fajardo,* 18 P.R.R. 738, 742; *Cautiño et al.* v. *Muñoz et al., Id.,* 849, 856; and *Alonso* v. *Maymí,* 19 P.R.R. 32, 33. In the case at bar, the

---

[1] Section 5 of the Act establishing proceedings to recover possession of real property (No. 43 of March 13, 1913, p. 83).

only issue involved is the material possession of a lot and no evidence has been introduced to show that said possession has a value in excess of $500.

Nevertheless, the award of attorney's fees in this case is undoubtedly not due to the fact that the lower court thought that it was bound to impose them as a matter of right under the special Act of 1913, providing for the injunctions to recover possession, but based on § 327 of the Code of Civil Procedure, as amended by Act No. 94 of May 11, 1937 (Laws of 1937, p. 229). According to said Section, the award of costs is mandatory and attorney's fees shall be awarded only when the lower court considers that the defeated party has been obstinate. *Colón* v. *Asociación Cooperativa Lafayette*, 67 P.R.R. 250. If relying on said Section a district court includes in its judgment the payment of attorney's fees, it does so discretionally and under the impression that there has been obstinacy on the part of the defeated party. We will not interfere with that discretion unless we are convinced that there has been a clear abuse thereof.

The judgment appealed from should be affirmed.

Mr. Justice De Jesús did not participate herein.